United States District Court
Southern District of Texas
**ENTERED**
October 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Marquis Valentee Tate,<br>　　Petitioner,<br><br>v.<br><br>Bobby Lumpkin,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>　　Respondent. | Civil Action H-21-354 |

# Report and Recommendation

Marquis Valentee Tate filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge several 2018 convictions for aggravated sexual assault. (D.E. 1.) Respondent Bobby Lumpkin filed a motion to dismiss. (D.E. 13.) The petition has been referred to this magistrate judge for report and recommendation. (D.E. 3.) The court recommends that Lumpkin's motion to dismiss be granted and Tate's petition be dismissed as successive.

Tate's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEPDA provides that "[a] claim presented in a second or successive application that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the appropriate circuit court, district courts lack jurisdiction to entertain successive petitions. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Court records indicate that Tate has filed seven federal habeas petitions asserting the same or similar claims in his current petition.

Case 4:21-cv-00354 Document 15 Filed on 10/13/21 in TXSD Page 2 of 3

*See Tate v. Director*, Civil Action No. 4:20-1917 (S.D. Tex. Mar. 1, 2021); *Tate v. Lumpkin*, Civil Action No. 4:21-340 (S.D. Tex. Apr. 5, 2021); *Tate v. Lumpkin*, Civil Action No. 4:21-354 (S.D. Tex.) (this case); *Tate v. Lumpkin,* Civil Action No. 4:21-1106, (S.D. Tex. Apr. 29, 2021); *Tate v. Lumpkin*, Civil Action No. 4:21-1985 (S.D. Tex. July 7, 2021); *Tate v. Lumpkin*, Civil Action No. 4:21-2402 (S.D. Tex. Aug. 5, 2021); *Tate v. Lumpkin*, Civil Action No. 4:21-2792 (S.D. Tex.).

Because the instant petition is successive, Tate was required to seek authorization to file it in the Fifth Circuit. 28 U.S.C. § 2244(3)(A). He failed to do so. This court lacks jurisdiction. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000) (cited in *Seymore v. Davis*, Civ. No. H-18-1030, 2018 WL 1697126, at *1 (S.D. Tex. Apr. 5, 2018)). A district court may transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2) if doing so would serve the interest of justice. *See* 28 U.S.C. § 1631; *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The court finds that the interest of justice would not be served by transfer to the circuit court because, as Judge Hanen already ruled, Tate's petition is time barred. *See Tate*, Civil Action No. 4:21-340 (S.D. Tex. Apr. 5, 2021).

Because the court finds that it lacks subject-matter jurisdiction over Tate's petition and that it would not serve the interest of justice to transfer the petition to the circuit court, this court recommends that Lumpkin's motion to dismiss be granted and that Tate's petition be dismissed with prejudice.

The parties have 14 days from service of this Report and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

2

P. 72; *see also Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 13, 2021.

*Peter Bray*

Peter Bray
United States Magistrate Judge